KAHN, Judge.
The Special Disability Trust Fund appeals from a workers’ compensation order in which the judge of compensation claims (JCC) awarded the claimant a lump sum settlement of $90,288.88 and required the Special Disability Trust Fund (Fund) to pay that amount directly to claimant. The Fund challenges the order on the basis that the JCC had no authority to require it to pay money directly to a claimant, and in any event the JCC never acquired jurisdiction over the Fund in this case. We agree and reverse the order on appeal.
The JCC erred in ordering that the Special Disability Trust Fund pay $90,288.83 directly to claimant. The JCC has no authority to order the Fund to pay a claimant directly. See § 440.49(2)(a), Fla.Stat. (1981) (“this subsection shall not be construed to create or provide any benefits for injured employees or their dependents not otherwise provided by this chapter ... this subsection ... shall be considered only in determining whether an employer or carrier who has paid compensation under this chapter is entitled to reimbursement from the Special Disability Trust Fund”). The Fund was designed to reimburse employer/carriers who meet the requirements of section 440.49. An employee does not have any right to receive payments from the Fund. Despite her order to the contrary, the JCC recognized the statutory requirement:
(JCC): But the state, by statute, does not pay out money until the insurance company has paid out the money to you. Do you follow me? They get reimbursement. Does that make sense?
[[Image here]]
Well, Mr. Griffin, if I order them to pay you a lump sum settlement, they’re going to ignore my order. They’re going to appeal it to the First District Court of Appeal. They’re still not going to pay it.
The Fund also correctly argues that the JCC did not have jurisdiction to enter the appealed order. The Fund was not joined as a party, nor was it ever notified of the hearing on claimant’s request to approve a lump sum settlement. See § 440.49(2)(g), Fla.Stat. (1981) (the Fund shall not be joined or made a party to any controversy between an employee and employer/carrier without written consent of the Fund).
Because we have found that the Fund may not be required to make direct payment to the employee, we do not reach the Fund’s final argument concerning the propriety of a lump sum payment on the facts of this ease.
REVERSED.
BARFIELD and ALLEN, JJ., concur.